**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BOARD OF TRUSTEES of the PIPE FITTERS RETIREMENT FUND, LOCAL 597; BOARD OF TRUSTEES of the PIPE FITTERS WELFARE FUND, LOCAL 597; BOARD OF TRUSTEES of the PIPE FITTERS TRAINING FUND, LOCAL 597; the BOARD OF TRUSTEES of the CHICAGO AREA MECHANICAL CONTRACTING INDUSTRY IMPROVEMENT TRUST; THE PIPE FITTERS' ASSOCIATION, LOCAL 597 U.A.; BOARD OF TRUSTEES of the PIPE FITTERS' INDIVIDUAL ACCOUNT and 401(K) PLAN; and BOARD OF TRUSTEES of the PIPE FITTING COUNCIL OF GREATER CHICAGO, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.: 12-CV-3339 JUDGE: HOLDERMAN |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| HERNANDEZ MECHANICAL, INC., an Indiana Corporation; and DANA HERNANDEZ, an Individual, | ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION TO REINSTATE LAWSUIT AND
FOR ENTRY OF JUDGMENT AS TO LIABILITY**

NOW COME the Plaintiffs, the Board of Trustees of the Pipe Fitters Retirement Fund, Local 597, *et al.*, by and through their attorneys, Johnson & Krol, LLC, and pursuant to this Court's Order of August 3, 2012, move to Reinstate the Lawsuit and for Entry of Judgment as to Liability, and in support state as follows:

1. Plaintiffs are the Board of Trustees of the Pipe Fitters Retirement Fund, Local 597, the Board of Trustees of the Pipe Fitters Welfare Fund, Local 597, the Board of Trustees of

1

the Pipe Fitters Training Fund, Local 597, the Board of Trustees of the Chicago Area Mechanical Contracting Industry Improvement Trust, the Board of Trustees of the Pipe Fitters' Individual Account and 401(k) Plan and the Board of Trustees of the Pipe Fitting Council of Greater Chicago (collectively "TRUST FUNDS"), and The Pipe Fitters' Association, Local 597 U.A ("UNION").

2. Defendants are Hernandez Mechanical, Inc. ("HMI") and Dana Hernandez ("HERNANDEZ").

3. On May 3, 2012, Plaintiffs filed their Complaint in the above-captioned matter.

4. On or about July 6, 2012, the Plaintiffs and Defendants entered into a Secured Settlement Agreement that requires the Defendants to submit thirty (30) monthly payments of $2,823.11, followed by six (6) monthly payments of $2,871.07 to pay off the principal balance of $78,615.14 at an interest rate of 6.0%. (A copy of the Secured Settlement Agreement is attached as Exhibit 1).

5. The terms of the Secured Settlement Agreement provide that in the event HMI and HERNANDEZ default on any of their obligations under the terms of the Secured Settlement Agreement:

   A.) All remaining payments will be accelerated and become immediately due and payable;
   B.) HMI and HERNANDEZ hereby confess judgment for any and all unpaid amounts;
   C.) An additional liquidated damages charge of 10% of <u>all unpaid amounts</u> shall become due and payable by HMI and HERNANDEZ; and
   D.) In the event the TRUST FUNDS and/or UNION are required to engage an attorney to collect any amounts due under this Agreement, HMI and HERNANDEZ shall be liable for all reasonable attorney's fees and costs incurred by the TRUST FUNDS and UNION. (Exhibit 1).

2

6. The Secured Settlement Agreement further states that Defendant HERNANDEZ shall be individually liable for the obligations of HMI under the terms of the Agreement, including the submission of ongoing Contributions for all months throughout the duration of the Agreement. (Exhibit 1).

7. On August 3, 2012, the Court entered an Order Dismissing the Lawsuit and Retaining Jurisdiction to Enforce the Terms of the Parties' Secured Settlement Agreement. (A copy of the Court's Order dismissing the matter and retaining jurisdiction to enforce the Secured Settlement Agreement is attached as Exhibit 2).

8. The Defendants have failed to submit their contribution payments for the months of March through June 2014 in the amount of $16,734.55.

9. The Defendants have also failed to submit their settlement payment for the month of July 2014.

10. Defendants' failure to pay the March through June 2014 contributions and the July 2014 settlement payment is a direct default of the terms of the Secured Settlement Agreement and this Court's Order of August 3, 2012 Order. (Exhibits 1 and 2).

11. The Secured Settlement Agreement states that upon default all remaining payments will be accelerated and become immediately due and payable. (Exhibit 1).

12. The Secured Settlement Agreement further states that upon default Defendants HMI and HERNANDEZ confess judgment for any and all unpaid amounts. (Exhibit 1).

13. The Plaintiffs seek to reinstate the lawsuit and request the immediate entry of judgment as to liability against Defendants HMI and HERNANDEZ, jointly and severally, pursuant to the Secured Settlement Agreement and Confession of Judgment.

14. The Plaintiffs have scheduled a payroll compliance audit of HMI for August 8, 2014 to determine the full extent of HMI and HERNANDEZ's liability to the Plaintiffs.

15. The Plaintiffs further seek to petition the Court at a later date after August 8, 2014 for entry of final judgment in sum certain.

**WHEREFORE, Plaintiffs request the following:**

A. That the Court reinstate the matter against HMI and HERNANDEZ pursuant to its Order of August 3, 2012;

B. That Judgment as to liability immediately be entered in favor of Plaintiffs and against Defendants HMI and HERNANDEZ, jointly and severally, for their breach of the Secured Settlement Agreement; and

C. That this Court grant the Plaintiffs leave to petition this Court after the payroll compliance audit is completed for entry of final judgment in sum certain; and

D. That this Court grant the Plaintiffs any other relief it deems just and equitable all at the Defendants' cost.

Respectfully submitted,

**TRUSTEES OF THE PIPE FITTERS RETIREMENT FUND, LOCAL 597,** *et al.,*

By: /s/ Jessica L. Adelman - 6305349
One of Plaintiffs' Attorneys

Jessica L. Adelman
JOHNSON & KROL, LLC
300 South Wacker Drive, Suite 1313
Chicago, Illinois 60606
(312) 372-8587